IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VANESSA RAE GOODRICH,

          Plaintiff,

v.                                     CIVIL ACTION NO.   2:14-cv-27225

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Brief in Support of Judgment on the Pleadings ("Plaintiff's Motion"), (ECF No. 11), and Defendant's Brief in Support of Defendant's Decision ("Defendant's Motion"), (ECF No. 12). By Standing Order filed in this case on October 27, 2014, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and recommendations for disposition. (ECF No. 4.) By order entered on January 5, 2016, the referral in this case was transferred from Magistrate Judge VanDervort to United States Magistrate Judge Omar J. Aboulhosn. (ECF No. 14.) On February 1, 2016, Magistrate Judge Aboulhosn entered proposed findings of fact and recommendations for disposition (the "PF&R"), in which he recommends that the Court grant Plaintiff's Motion, deny Defendant's Motion, reverse the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), remand this case, and dismiss this matter from the Court's docket.[1]  (ECF No. 15 at 19.)

---

[1] In his decision denying Plaintiff's application for supplemental social security income benefits, the Administrative

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the parties' right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to the PF&R in this case were due by February 19, 2016. (*See* ECF No. 15 at 19–20.) To date, the parties have not filed any objections to the PF&R.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 15), **GRANTS** Plaintiff's Motion, (ECF No. 11), **DENIES** Defendant's Motion, (ECF No. 12), **REVERSES** the final decision of the Commissioner, **REMANDS** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), **DISMISSES** this action, and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED.**

---

Law Judge (the "ALJ") found, in part, that Plaintiff "has the residual functional capacity" ("RFC") "to perform less than light work" and she "would be limited to occasional climbing, balancing, stooping, crouching, kneeling, and crawling." (ECF No. 9-4 at 9.) When discussing the pertinent background in the PF&R, the Magistrate Judge incorrectly stated that the "ALJ . . . found that [Plaintiff] has [an RFC] to perform medium level work." (ECF No. 15 at 5.)

The Court finds that this incorrect statement in the PF&R is immaterial for purposes of addressing the Magistrate Judge's findings and recommendations. In his subsequent analysis of Plaintiff's arguments regarding the ALJ's RFC determination, the Magistrate Judge correctly identified the ALJ's RFC finding as that Plaintiff is "limited to performing 'less than light work.'" (*See id.* at 17–19.) As such, the Magistrate Judge's analysis pertaining to Plaintiff's RFC arguments identified the correct finding from the ALJ's decision. (*See id.*) The Court therefore finds that the Magistrate Judge's ultimate findings and recommendations on the issue of RFC—which were based on the Magistrate Judge's RFC analysis in the PF&R—were unaffected by the earlier incorrect reference in the PF&R to the ALJ's RFC finding.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 22, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE